Opinion by
White, P. J..
§ 764. Trespass; nominal damages for; de minimisnon curat lex; case stated. This is a suit for damages, brought by appellant against appellees for trespass upon his uuinclosod land, destruction of the grass thereon,: and frightening his cattle by the discharge of fire-arms, etc. The evidence is that appellees were hunting wild ducks at a pond on appellant’s land. They drove to the pond in a buggy, crossing a portion of "appellant’s land twice in going to and returning’ from the pond. Appellant had advertised against trespassing on his land, and at the time in question he requested appellees to desist from trespassing on his land; but they remained and fired several shots after this request. No cattle were in sight when any shooting was done. The grass around the pond which was trampled by appellees was a coarse, briny, inferior grass, which cattle would not eat when they could get any other. There was a verdict for ap • pellees, and judgment in accordance therewith. Heldr It is contended by appellant that the judgment is wrong, because the evidence establishes at least appellant’s right to nominal damages. The general rule is that every trespass committed upon property is necessarily accompanied with some damage, however inconsiderable the injury, and hence the right to recover damage for a tres *671 pass cannot be denied. [W. & W. Con. Rep. § 763; Champion v. Vincent, 20 Tex. 811.] But, says Mr. Meld: “ There are cases, however, of such trifling injury that no action at law can be maintained therefor. The law will afford no encouragement to useless and malicious litigation. It regards not mere trifles. ‘ De minimis non curat lex’ is the maxim.” [Field on-Dam. 681, 682.] We are of the opinion that the evidence in this record brings this case within the above quoted maxim.
June 3, 1885.
Affirmed.